T.C. Memo. 2015-69

UNITED STATES TAX COURT

BARRY KNUDSEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5145-12L.                    Filed April 7, 2015.

Barry Knudsen, pro se.

<u>Joline M. Wang</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This proceeding was commenced in response to a notice of determination concerning a proposed levy under section 6330 with respect to assessed Federal income tax for 2004 and 2006.  Pending before the Court is respondent's motion for summary judgment.

**[\*2]** Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

At the time of the filing of the petition, petitioner resided in Branson, Missouri.

Petitioner failed to file his 2004 and 2006 Federal income tax returns. Under authority of section 6020(b), respondent prepared for petitioner substitutes for returns reflecting Federal income tax liabilities of $9,204 and $8,375, respectively.

On the basis of the substitutes for returns, on September 7, 2010, and on November 2, 2009, respondent issued notices of deficiency relating to petitioner's 2004 and 2006 Federal income tax liabilities.

Respondent alleges that on September 7, 2010, he mailed the notice of deficiency for 2004 to petitioner's last known address by certified mail with article No. 7105 5678 7185 3291 7286.

Respondent alleges that on October 28, 2009, he mailed the notice of deficiency for 2006 to petitioner's last known address by certified mail with article No. 7161 7618 3631 1671 9237.

**[*3]**  Respondent's records reflect no receipt of a U.S. Postal Service notice of nondelivery to petitioner for either of the above notices of deficiency.

Petitioner did not file a petition with the Tax Court to challenge either of the notices of deficiency.

On April 5, 2010, for 2006, and on January 10, 2011, for 2004, respondent assessed Federal income tax against petitioner.

On April 18, 2011, respondent sent to petitioner a notice of proposed levy regarding the assessed tax for 2004 and 2006 plus interest and penalties--by then a total of $18,683 and $15,265, respectively.

On or about May 10, 2011, petitioner submitted to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, concerning respondent's effort to collect by levy the above assessed Federal income tax and related interest and penalties.  Therein petitioner:

(1) requested a face-to-face hearing;

(2) requested respondent to verify all of respondent's required procedures were followed in connection with the assessments;

(3) challenged as improper the underlying tax liabilities and penalties on the ground respondent never mailed and he never received the above two notices of

**[*4]** deficiency and requested an opportunity to challenge the underlying tax liabilities; and

(4) raised collection alternatives.

By letter dated October 4, 2011, respondent's settlement officer (SO) informed petitioner that petitioner's request for a face-to-face hearing was denied because of petitioner's failure to file his 2007, 2009, and 2010 Federal income tax returns. The letter asked petitioner to provide the SO, by October 25, 2011, his delinquent individual Federal income tax returns for 2004, 2006, 2007, 2009, and 2010 and a collection information financial statement.

On November 9, 2011, petitioner sent the SO a letter in which he again:

(1) asserted his entitlement to a face-to-face hearing;

(2) asked respondent for copies of all of respondent's rules and regulations relating to a face-to-face hearing;

(3) disputed the underlying tax liabilities and penalties on the ground respondent never mailed to him and he never received the related notices of deficiency; and

(4) requested collection alternatives be considered if the tax liabilities are sustained.

[*5]   In response to petitioner's letter, in late November 2011 the SO, among other things:

（1) obtained copies of the notices of deficiencies addressed to petitioner; and

（2) entered each of the certified mail numbers shown on respondent's copies of the notices of deficiency into the U.S. Postal Service's "Track and Confirm" Internet search site.

The SO's Track and Confirm search indicated only that respondent's notice of deficiency relating to petitioner's 2004 tax was delivered on September 11, 2010, "in Branson, MO 65616". No further description of the delivery address in Branson, MO, is described.

The SO's "Track and Confirm" search produced no information relating to respondent's mailing of the notice of deficiency to petitioner for 2006 because the U.S. Postal Service's Track and Confirm site went back only two years and respondent's notice of deficiency to petitioner for 2006 was dated November 2, 2009, slightly more than two years before the search date.

**[*6]**   The SO also obtained:

(1) a copy of a "substitute" U.S. Postal Service Form 3877 (PS Form 3877) pertaining to respondent's mailing to petitioner of the notice of deficiency to petitioner for 2004; and

(2) a copy of a PS Form 3877 pertaining to respondent's mailing to petitioner of the notice of deficiency for 2006.

However, the copies of the PS Forms 3877 obtained by the SO that respondent provided to the Court with his motion for summary judgment as proof of respondent's mailing to petitioner of the notices of deficiency are not complete and do not provide certain information specifically called for on the forms, as follows:

The PS Form 3877 for 2004:

(1) lists 12 pieces of mail but does not indicate how many pieces of mail the U.S. Postal Service actually received from respondent; and

(2) is stamped signed but is not signed manually by the individual U.S. Postal Service employee, as is called for on the PS Form 3877.

The PS Form 3877 for 2006:

(1) lists 21 pieces of mail but does not indicate how many pieces of mail the U.S. Postal Service actually received from respondent;

[*7] (2) is not signed either with a stamp or manually by the individual U.S. Postal Service employee;

(3) does not identify the listed items as notices of deficiency; and

(4) does not state the year to which the listed items relate.

In a letter to petitioner dated November 18, 2011, the SO again asked petitioner to file his 2004 and 2006 Federal income tax returns and made it clear that if he would file his delinquent tax returns and provide a completed collection information statement, the SO would compare them with the tax returns respondent had prepared for him and reconsider his correct tax liabilities for each year. The SO's letter further stated that, if petitioner wanted to continue with the collection due process (CDP) hearing, he should send whatever relevant information and documents he had to the SO by December 2, 2011. The letter cautioned petitioner that if the SO did not hear from him by December 2, 2011, respondent would issue a final notice of determination.

By December 2, 2011, petitioner had not provided any further information and had not telephoned the SO. On January 19, 2012, respondent issued a final adverse notice of determination sustaining the proposed levy relating to the tax deficiencies, interest, and penalties that had been assessed against petitioner for 2004 and 2006.

[*8]   On February 24, 2012, petitioner filed in this Court his letter petition challenging respondent's notice of determination.

On April 18, 2012, petitioner filed an amended petition and claimed:

(1) respondent improperly denied him a face-to-face CDP hearing;

(2) respondent improperly did not allow him to challenge his underlying tax liabilities;

(3) respondent's proof as to the mailing and as to his receipt of the notices of deficiency was defective;

(4) he never received the notices of deficiency;

(5) respondent never provided requested documents; and

(6) respondent did not give him a fair hearing.

On May 29, 2012, respondent filed his answer to the amended petition and therein alleged that, because petitioner had never submitted his 2004 and 2006 Federal income tax returns, petitioner properly was not allowed to challenge his underlying tax liabilities.

On December 28, 2012, respondent filed a motion for summary judgment.

On February 11, 2013, petitioner filed his objection to respondent's motion for summary judgment.  Therein petitioner asserted he had not been given a meaningful CDP hearing, he had not been allowed to challenge the underlying tax

[*9] liabilities, and respondent had the burden to prove the notices of deficiency were mailed properly to and received by him.

On the basis of factual issues relating to petitioner's receipt of the notices of deficiency and whether he should be allowed to challenge his underlying Federal income tax liabilities for 2004 and 2006 as determined by respondent, on March 13, 2013, the Court denied respondent's motion for summary judgment.

On October 18, 2013, respondent filed a motion to remand this case to the Internal Revenue Service Appeals Office to reconsider petitioner's underlying tax liabilities. Without objection from petitioner, on November 5, 2013, the Court granted respondent's motion.

On remand, on November 19, 2013, the SO sent petitioner a letter scheduling a supplemental CDP telephone hearing for December 18, 2013. The SO's letter asked petitioner to explain why he believed respondent's notices of deficiency reflected incorrect amounts for his 2004 and 2006 Federal income tax liabilities.

Petitioner did not provide the SO any information about his underlying tax liabilities, and on December 18, 2013, the SO sent him a letter stating that since he had provided no further information, respondent's notice of determination to collect the assessed taxes by levy would be sustained. The SO's December 18,

**[*10]** 2013, letter, however, also gave petitioner an additional 14 days to provide information regarding his underlying tax liabilities.

On December 19, 2013, petitioner sent a letter to the SO and:

(1) alleged respondent never mailed to him the notices of deficiency for 2004 and 2006 and asked respondent for proof of mailing;

(2) alleged that absent proof of mailing from respondent, respondent should be treated as never having mailed to him the notices of deficiency in question and the Court should conclude petitioner owes no tax--in essence that respondent has the burden of proof as to mailing of the notices of deficiency and has not satisfied that burden; and

(3) acknowledged he knew respondent on remand was willing to reconsider his underlying 2004 and 2006 Federal income tax liabilities.

On January 14, 2014, the SO sent a letter to petitioner in which he again reiterated his willingness, because of petitioner's allegations as to nonreceipt of the notices of deficiency, to reconsider petitioner's underlying Federal income tax liabilities for 2004 and 2006.

On January 17, 2014, petitioner sent the SO another letter and again alleged that he had never received the notices of deficiency and again requested respondent to provide information as to how respondent determined the amounts

[*11] of his tax liabilities. The SO did not respond to petitioner's January 17, 2014, letter, and on February 10, 2014, respondent issued a supplemental notice of determination sustaining respondent's proposed levy on the ground petitioner on remand had not provided any relevant additional information relating to his underlying tax liabilities and had not otherwise cooperated.

On February 27, 2014, respondent filed with the Court a status report detailing petitioner's communications with the SO.

On March 4, 2014, petitioner filed a status report with the Court in which he provided no substantive information about his underlying tax liabilities but in which he:

(1) again asserted he never received respondent's notices of deficiency for 2004 and 2006 and asked respondent to provide proof of mailing;

(2) asserted the burden of proof should be on respondent to prove the notices of deficiency were actually mailed to and received by him;

(3) claimed that absent additional proof by respondent of the mailing of the notices of deficiency respondent should be treated as never having mailed the notices and the Court should treat respondent's assessments against petitioner for 2004 and 2006 as invalid.

**[\*12]** On July 28, 2014, respondent filed a second motion for summary judgment. Respondent's second summary judgment motion is based on an alleged lack of any further genuine dispute of material fact and respondent's entitlement to judgment as a matter of law.

Discussion

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to a material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden of proving no genuine dispute of material fact is on the moving party. See Naftel v. Commissioner, 85 T.C. 527, 529 (1985). A party objecting to a motion for summary judgment "may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavit or otherwise, showing that there is a genuine dispute for trial. Rule 121(d).

On remand respondent clearly gave petitioner an opportunity to challenge the amounts of his underlying tax liabilities as respondent had determined them. Petitioner repeatedly chose not to provide respondent with any income or expense

**[*13]** information and not to submit to respondent tax returns for 2004 and 2006. If that were the question before us now, we would not hesitate to grant summary judgment in respondent's favor.

However, the key issue before us at this stage, which has been repeatedly raised by petitioner, is whether respondent ever mailed to petitioner the notices of deficiency on which respondent's tax assessments and proposed levy are based. This is a question that involves not the amounts of petitioner's underlying tax liabilities but rather the legality of the assessments made against him. As explained, this issue has been repeatedly raised by petitioner and is inherent in the verification requirement of section 6330(c)(1); i.e., it is an issue raised by statute in every CDP case. See Hoyle v. Commissioner, 131 T.C. 197, 200 (2008).

In Hoyle, we explained that in a collection due process hearing section 6330(c)(1) provides the Commissioner is to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." This provision places a burden on respondent and requires respondent to take the initiative and verify that a notice of deficiency was properly mailed to the taxpayer. See Lee v. Commissioner, 144 T.C. ___, ___ (slip op. at 16-17) (Jan. 21, 2015).

**[\*14]** In deficiency cases, the Commissioner bears the initial burden of proving by competent and persuasive evidence that a notice of deficiency was properly mailed to a taxpayer. Clough v. Commissioner, 119 T.C. 183, 187 (2002); Cataldo v. Commissioner, 60 T.C. 522, 524 (1973), aff'd per curiam, 499 F.2d 550 (2d Cir. 1974). The Commissioner's act of mailing may be proven by evidence of his mailing practices corroborated by direct testimony and documentary evidence. Coleman v. Commissioner, 94 T.C. 82, 90 (1990). The Commissioner's and the U.S. Postal Service's compliance with established mailing procedures may raise a presumption of official regularity in favor of the Commissioner and may be sufficient, absent evidence to the contrary, to establish proper mailing of a notice of deficiency. See Hoyle v. Commissioner, 131 T.C. at 203. If this presumption is not rebutted, the burden of going forward would shift to the taxpayer. Coleman v. Commissioner, 94 T.C. at 91. However, a defective Form 3877 does not trigger a presumption of regularity. See id.

These same standards apply in CDP cases. See Hoyle v. Commissioner, 131 T.C. at 203; Meyer v. Commissioner, T.C. Memo. 2013-268; Butti v. Commissioner, T.C. Memo. 2008-82, slip op. at 8-9.

Petitioner consistently has claimed the PS Forms 3877 in the record in this case are defective in that they contain no indication of the number of items

[*15] respondent delivered to the U.S. Postal Service and no required signatures of the U.S. Postal Service employees who received from respondent the items to mail.[1]

Additionally, contrary to respondent's mailing requirements, the PS Form 3877 in the record relating to the notice of deficiency for 2006 does not identify the listed items as notices of deficiency or the years to which the documents relate. See Internal Revenue Manual pt. 4.8.9.9.3(2)(1), (3) (Dec. 1, 2006).

Petitioner's contention that respondent never mailed the notices of deficiency to him, if true, would be fatal to respondent's proposed levy. If respondent's assessments of petitioner's 2004 and 2006 tax liabilities were not preceded by the mailing of notices of deficiency to petitioner as required by section 6213(a), the assessments would be invalid. See Hoyle v. Commissioner, 131 T.C. at 205. Without valid assessments the instant proposed levy would be illegal, see id., and the "opportunity * * * to dispute the underlying tax liability does not cure an assessment made in derogation of * * * [a taxpayer's] right under

---

[1]The U.S. Postal Service's mailing procedures require postal employees to enter on the Form 3877 the total number of items received and to sign and postmark the form. USPS Registered Mail Handbook DM-901, at 3-4.2.1 (April 2010), available at http://www.apwu.org/sites/apwu/files/resource-files/DM-901%20Registered%20Mail%204-10%20%281.77%20MB%29.pdf.

**[*16]** section 6213(a) to a deficiency proceeding", <u>Freije v. Commissioner</u>, 125 T.C. 14, 36 (2005).[2]

The U.S. Court of Appeals for the Second Circuit has held that a failure to indicate the number of pieces of mail received by the U.S. Postal Service and the absence of a signature by the receiving U.S. Postal Service post office employee, both of which defects are present in this case, render a PS Form 3877 improperly completed. See <u>O'Rourke v. United States</u>, 587 F.3d 537, 541 (2d Cir. 2009). This holding is consistent with this Court's holdings in similar instances. <u>See, e.g.</u>, <u>Coleman v. Commissioner</u>, 94 T.C. at 92; <u>Massie v. Commissioner</u>, T.C. Memo. 1995-173, <u>aff'd without published opinion</u>, 82 F.3d 423 (9th Cir. 1996); <u>Wheat v. Commissioner</u>, T.C. Memo. 1992-268.

Petitioner has raised a factual issue concerning respondent's mailing to him of the notices of deficiency, and respondent has failed adequately to address this issue. Summary judgment is not a substitute for a trial and is not to be used to

---

[2]As stated in <u>Hoyle v. Commissioner</u>, 131 T.C. 197, 205 n.7 (2008), Chief Counsel Notice CC-2006-19 (Aug. 18, 2006) explains that an Appeals officer "'may rely on a Form 4340 to verify the validity of an assessment, <u>unless the taxpayer can identify an irregularity in the assessment procedure</u>' (emphasis added) and acknowledges that, where it is alleged that a notice of deficiency was not mailed, the Appeals officer may be required 'to examine underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list'".

**[*17]** resolve disputes over factual issues. See <u>Espinoza v. Commissioner</u>, 78 T.C. 412, 416 (1982).

Viewing the alleged facts in the light most favorable to petitioner, we conclude respondent has not sufficiently established that summary judgment is warranted. A trial will be necessary concerning respondent's alleged mailing of the notices of deficiency to petitioner.

As noted in our recent opinion in <u>Portwine v. Commissioner</u>, T.C. Memo. 2015-29, at trial the defects in the PS Forms 3877 do not necessarily preclude a decision in favor of respondent with respect to the proper mailing of the notices of deficiency. Our ultimate decision on this issue will depend on the credibility and persuasiveness of what petitioner and respondent offer into evidence at trial.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.