**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-10014

_____

STEPHEN C. JENNER,
JUDY A. JENNER,

*Petitioners-Appellants,*

*versus*

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

_____

Petition for Review of a Decision of the
U.S. Tax Court
Agency No. 8903-23

_____

Before ROSENBAUM, GRANT, and ABUDU, Circuit Judges.

PER CURIAM:

Appellants Stephen and Judy Jenner filed a petition in U.S. Tax Court seeking review of the IRS's rejection of their request for a collection-due-process hearing under Title 26 of the Internal

Revenue Code, Section 6330 (I.R.C. § 6330).  The Jenners want to challenge the IRS's administrative offsets from their Social Security benefits to collect penalties imposed against the Jenners under 31 U.S.C. § 5321 for failure to report foreign bank accounts.

The Tax Court dismissed the Jenners' petition for lack of jurisdiction.  We affirm the Tax Court's ruling.  The collection of Title 31 reporting penalties is not subject to the Internal Revenue Code's levy-review procedures, which provide for collection-due-process hearings.  As the IRS noted in its letter to the Jenners, dated May 11, 2023, the proper avenue for review for the Jenners' desired challenges is either a U.S. district court or the U.S. Court of Federal Claims.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Bank Secrecy Act, 31 U.S.C. §§ 5311–36, imposes reporting requirements on any U.S. resident or citizen who "makes a transaction or maintains a relation for any person with a foreign financial agency." 31 U.S.C. § 5314(a).  Any U.S. citizen who has a bank account in a foreign country must report this relationship to the government "for each year in which such relationship exists." 31 C.F.R. § 1010.350(a).

To make this report, U.S. citizens with foreign bank accounts must file Financial Crimes Enforcement Network ("FinCEN") Form 114 by June 30 of the year after the calendar year for which the financial account is maintained.  *See id.* §§ 1010.350(a),

1010.306(c).  We refer to this as a foreign bank account report, or an FBAR.

The Bank Secrecy Act authorizes the Secretary of the Treasury to impose a civil penalty, known as an FBAR penalty, on anyone who fails to make the required reports.  31 U.S.C. § 5321(a)(5)(A).  The Secretary, in turn, has delegated the authority to impose civil penalties to FinCEN, *see* 31 C.F.R. § 1010.810(d), which, for its part, has re-delegated the authority to impose these penalties to the IRS.  *See id.* § 1010.810(g); *see also* I.R.S. Deleg. Order 25-13 (Rev. 1), IRM 1.2.2.15.13 (March 8, 2022).

Title 31, United States Code, Section 3716 grants executive agencies the authority to collect outstanding FBAR debts, subject to certain notice requirements.  *See* 31 U.S.C. §§ 3716(a)(1)–(4).  In obtaining payment of FBAR penalties, the IRS uses the procedures for collecting "nontax debt[s]" that 31 U.S.C. §§ 3711(g)(1), (4) and 31 U.S.C. § 3701(a)(8) outline.  Administrative offset, which is the practice of withholding federal payment in satisfaction of a debt owed to the government, is one way the IRS may generally collect FBAR penalties.  *See Reeves v. Astrue*, 526 F.3d 732, 738 n.3 (11th Cir. 2008); *see also* 31 U.S.C. § 3716.  But administrative offsets do not apply to a claim or debt imposed under the Internal Revenue Code.  *See* 31 U.S.C. § 3701(d)(1).

According to the IRS, the Jenners failed to report foreign bank accounts between the years 2005 and 2009.  At some point before the penalties were assessed, the Jenners contacted the IRS

Independent Office of Appeals about the penalties, and the Office sustained the penalties.

In November 2022, the Treasury Department's Bureau of the Fiscal Service notified the Jenners that it would begin collecting their outstanding FBAR penalties through administrative offset of up to 15 percent of their monthly Social Security benefits. The Jenners could prevent this action, the notification explained, by contacting the Debt Management Servicing Center of the Bureau of the Fiscal Service and meeting certain requirements.

After receiving this notification of administrative offset, in December 2022, the Jenners sent the Bureau of the Fiscal Service an "IRS Form 12153," requesting a collection-due-process ("CDP") hearing under Internal Revenue Code ("I.R.C.") § 6330.[1] In the space on the form for "Type of Tax," the Jenners wrote "Civil Penalty." In the space for "Tax Form Number," the Jenners wrote "FBAR penalty."

Then, in April 2023, the Jenners wrote to the FBAR penalty coordinator of the IRS to argue that they were entitled to CDP hearings and to request immediate cessation of the administrative

---

[1] A collection-due-process ("CDP") hearing is a hearing before the IRS Independent Office of Appeals that permits a taxpayer to challenge a levy before action is taken. *See* Treas. Reg. § 301.6330-1. Following a CDP hearing, a taxpayer receives a notice of determination from the IRS Appeals Officer. *See id*. §§ (b)(2)(Q&A-B3), (e)(3)(Q&A-E8(i)). A taxpayer can challenge this determination in Tax Court, subject to the procedure outlined in I.R.C. § 6330(d).

offsets.  They also asked for acknowledgment of receipt of the requests.

The IRS replied to the Jenners in May 2023.  It notified them by letter that, in the IRS's view, the Jenners were not entitled to a CDP hearing because FBAR penalties are "not tax assessments subject to 26 U.S.C. § 6330."  The letter further explained that the Jenners could appeal the penalties in a "United States District Court, or the United States Court of Federal Claims."

The Jenners responded by petitioning the Tax Court, requesting a determination that they were unlawfully deprived of a collection-due-process hearing.  In the Tax Court, the IRS Commissioner moved to dismiss the petition on the grounds that the May 2023 letter was not a notice of determination, and also that the Tax Court lacked jurisdiction to review FBAR penalty assessments. The Jenners filed an objection to the motion, asserting that the Tax Court had jurisdiction over the matter under I.R.C. § 6330(d).

The Tax Court agreed with the Commissioner.  The Court explained that although the IRS is the agency tasked with collecting FBAR penalties, "Title 31 and its accompanying regulations govern how FBAR penalties are assessed and collected."  It continued, "Title 31 expressly provides the assessment and collection procedures for FBAR penalties, and there is no statutory, regulatory, or judicial authority providing that these penalties are subject to section 6320

and 6330." The Tax Court dismissed the Jenners' petition for lack of jurisdiction. The Jenners now appeal.

## II.    STANDARD OF REVIEW

We review de novo a Tax Court order of dismissal. *Pollard v. Comm'r*, 816 F.2d 603, 604 (11th Cir. 1987).

## III.    DISCUSSION

We start with the text of the Tax Court's jurisdictional statute. That statute indicates that the Tax Court and its divisions have jurisdiction "as is conferred on them by *this title*," that is, by Title 26, the Internal Revenue Code. I.R.C. § 7442 (emphasis added).

Numerous provisions of the Internal Revenue Code, including, as relevant here, I.R.C. § 6330(d)(1), confer jurisdiction on the Tax Court to decide various matters.[2] Section 6330(d)(1) gives the Tax Court jurisdiction to review the notice of determination that an IRS officer issues through a CDP hearing.

We've recognized that the Tax Court's jurisdiction is strictly limited by the provisions of the I.R.C. that authorize its jurisdiction. *See Roberts v. Comm'r*, 175 F.3d 889, 896 n.7 (11th Cir. 1999).

For two reasons, FBAR penalties don't fall within the Tax Court's jurisdiction.

---

[2] *See* IRM 35.1.1 (June 29, 2022), https://www.irs.gov/irm/part35/irm_35-001-001 [https://perma.cc/V7CY-W4PW], for a more comprehensive description of the other provisions of the I.R.C., not relevant here, that confer jurisdiction on the Tax Court.

First, the IRS assesses FBAR penalties under the Bank Secrecy Act, codified at Title 31. But Title 31 is not a part of Title 26, to which the Tax Court's jurisdictional statute limits its jurisdiction. *See* I.R.C. § 7442. So by its plain text, the Tax Court's jurisdictional statute does not extend to FBAR penalties.

And second, FBAR penalties aren't taxes, in any case. The civil-penalties provision of the Bank Secrecy Act makes clear that the penalty for failing to file an FBAR is a "civil penalty," not a tax:

> A person not filing a report under a regulation prescribed under section 5315 of this title or not complying with an injunction under section 5320 of this title enjoining a violation of, or enforcing compliance with, section 5315 or a regulation prescribed under section 5315, is liable to the Government for a **civil penalty** of not more than $10,000.

31 U.S.C. § 5321(a)(3) (emphasis added).

We have taken the language of the Bank Secrecy Act at face value and held that FBAR penalties are penalties, not taxes subject to the jurisdiction of the Tax Court. *See United States v. Rum*, 995 F.3d 882, 887 n.1 (11th Cir. 2021) ("[C]hallenges to FBAR penalties do not fall within [the Tax Court's] jurisdiction[.]").

This is consistent with the approach of the Supreme Court, which has repeatedly noted the distinction between civil penalties and taxes. As the Court has explained, "A 'tax' is an enforced contribution to provide for the support of government; a 'penalty[]' . . . is an exaction imposed by statute as punishment for an unlawful

act.  The two words are not interchangeable one for the other."
*United States v. La Franca*, 282 U.S. 568, 572 (1931); *see also Dep't of
Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 784 (1994) ("[T]ax stat-
utes serve a purpose quite different from civil penalties[.]").

For these reasons, the Tax Court lacks jurisdiction over the
Jenners' petition, so the court was right to dismiss the case.

The Jenners fight this answer that the plain text requires.
They say that they have satisfied the prerequisites for Tax Court
jurisdiction.  To explain why they have not satisfied them, we
briefly review what those prerequisites are.

Title 26, Internal Revenue Code, Section 6330 lays out the
prerequisites for obtaining review of a determination of an unpaid
tax liability in Tax Court.  When the IRS determines that a tax has
gone unpaid, it can collect the tax by levy.  I.R.C. § 6331.[3]  First,

---

[3] A levy is a legal seizure of property (often through withholding) to satisfy a
*tax* debt, while an administrative offset allows the government to resolve a
*nontax* debt by withholding payment of money already in the government's
possession that is otherwise due to the debtor.  *See* I.R.C. § 6331(a) ("If any
person liable to pay any tax neglects or refuses to pay the same within 10 days
after notice and demand, it shall be lawful for the Secretary to collect such tax
. . . by levy upon all property and rights to property . . . belonging to such
person or on which there is a lien . . . for the payment of such tax."); 31 C.F.R.
§ 5.1 ("Administrative offset . . . means withholding funds payable by the
United States (including funds payable by the United States on behalf of a State
Government) to, or held by the United States for, a person to satisfy a debt
owed by the person."); *see also* Treasury Offset Program - FAQs for Debtors in
the Treasury Offset Program, https://fiscal.treasury.gov/top/faqs-for-the-
public.html [https://perma.cc/7KD8-838M] (last updated Mar. 17, 2025)

25-10014                 Opinion of the Court                 9

though, the IRS must provide the taxpayer with notice and an opportunity to challenge the tax in a CDP hearing in the IRS Independent Office of Appeals. *Id.* § 6330(a)(1). The notice must include information about the "unpaid tax." *Id.* § 6330(a)(3)(A). After receiving the notice, the taxpayer must request a CDP hearing before the IRS Independent Office of Appeals and raise "any relevant issue relating to the unpaid tax or the proposed levy" at the hearing. *See id.* § (c)(2)(A). Following a final determination at the CDP hearing, the taxpayer can file a petition for a hearing in Tax Court. *Id.* § (d)(1).

The notice requirements set forth in I.R.C. § 6330 are distinct from and incompatible with the notice requirements set forth under 31 U.S.C. § 3716, which authorizes agency heads to collect nontax debts by administrative offset. Section 3716 permits "the head of an executive, judicial, or legislative agency" to collect a claim by administrative offset after providing the debtor with written notice that the claim will be collected by administrative offset and an explanation of the rights of the debtor. *See id.* § (a)(1)–(4). Here, the U.S. Treasury Department complied with this notice requirement through its letters to the Jenners in November 2022.

The Jenners point to the May 2023 IRS letter and argue it's a final determination by the IRS Independent Office of Appeals that

---

("The official term for withholding money from a payment is 'offset' or, for a federal tax debt, 'levy.'").

gives the Tax Court jurisdiction over their claim. We disagree because we see at least two problems with this argument.

First, Section 6330's hearing prerequisites—including the statutory notice requirements—assume the existence of an unpaid *tax* imposed under the Internal Revenue Code. But as we've explained, an FBAR penalty is not a tax, nor is it imposed under the Internal Revenue Code. As the IRS officer explained in the letter, "The FBAR penalties assessed against [the Jenners] are from Title 31 of the U.S. Code. These are not tax assessments subject to 26 U.S.C. § 6330." So the hearing prerequisites that the Jenners invoke simply don't apply to their situation.

And second, the May 2023 letter was not a CDP hearing notice of determination. It was, as we've explained, an explanation that recipients of FBAR penalties are not eligible for a CDP hearing or review by the Tax Court because FBAR penalties are not taxes. Rather, they are penalties imposed under the Bank Secrecy Act.

To be sure, as the Jenners point out, the IRS assesses and collects FBAR penalties. That's so because the Secretary of the Treasury has delegated his authority to administer this provision of the Bank Secrecy Act to FinCEN, *see* 31 C.F.R. § 1010.810(d), which in turn has re-delegated this authority to the IRS. *See id.* § 1010.8010(g); *see also* I.R.S. Deleg. Order 25-13 (Rev. 1). But this series of delegations has not converted the FBAR penalties into taxes.

Nor do the Jenners cite any case to support their argument that the Tax Court has jurisdiction over civil penalties under the

Bank Secrecy Act. Instead, they argue that "there is no colorable argument that FBAR penalties do not enjoy [the right to review by the Tax Court] because they are 'penalties' not 'taxes,'" and "[m]any types of penalties are also routinely entitled to CDP review." In support, the Jenners rely on *Mason v. Commissioner*, 132 T.C. 301 (2009); *Lee v. Commissioner*, 144 T.C. 40 (2015); and *Jennette v. Commissioner*, 115 T.C.M. (CCH) 1204 (2018). But none help the Jenners.

*Mason* and *Lee* both involve disputes related to the trust fund recovery penalty. That's a penalty imposed under I.R.C. § 6672 on employers who fail to withhold income taxes, Social Security taxes, and Medicare taxes from the wages of their employees. *See Mason*, 132 T.C. at 321; *Lee*, 144 T.C. at 46. *Jenette* concerns I.R.C. § 6702 penalties for frivolous tax submissions and penalties for unpaid tax liabilities. *See* 115 T.C.M. (CCH) at 1204. In other words, both these cases involve penalties related to paying taxes, not penalties related to filing reports like the FBAR. On top of that, the Internal Revenue Code, not the Bank Secrecy Act, creates those penalties.

*Farhy*, a case cited by the Jenners, does not support their position, either. *See Farhy v. Comm'r,* 100 F.4th 223 (D.C. Cir. 2024). True, *Farhy* concerned penalties for failure to report information related to foreign income streams. *Id.* at 229. But again, the Internal Revenue Code, I.R.C. § 6038(b), not the Bank Secrecy Act, prescribed those penalties. *See id.* at 228.

Unlike the penalties at issue in the cases the Jenners invoke, FBAR penalties are not imposed by the Internal Revenue Code (Title 26). They are imposed under the Bank Secrecy Act (Title 31).

As the Commissioner explains, "No one would think that the Jenners would be entitled to a Title 26 levy-review hearing to contest the imposition of, for example, a Title 16 civil penalty for damaging or defacing an archeological resource on public lands." Like laws that prohibit defacing archeological resources, the Bank Secrecy Act imposes penalties that do not qualify as taxes. So they are not subject to review in the Tax Court.

On the forms they submitted to the IRS requesting a CDP hearing, the Jenners asserted that the statute of limitations for filing an action on the FBAR penalties had passed. Perhaps this is a colorable defense to the imposition of the FBAR penalties—we take no position on that. But if the Jenners wish to press this defense, they must raise it in a U.S. district court or in the U.S. Court of Federal Claims. *See, e.g.*, *United States v. Schwarzbaum,* 24 F.4th 1355, 1364 (11th Cir. 2022) (reviewing a decision of a U.S. district court involving a challenge to FBAR penalties); *United States v. Rum,* 995 F.3d 882, 895 (11th Cir. 2021) (affirming the decision of the district court, which affirmed an IRS assessment of FBAR penalties). Those are the proper venues for challenging FBAR penalties.

We affirm the decision of the Tax Court that it lacks jurisdiction over the matter.

## IV.    CONCLUSION

For the reasons we have explained, we conclude that the Tax Court properly dismissed the Jenners' petition for lack of jurisdiction.  We affirm its ruling and uphold the dismissal.

**AFFIRMED.**