JASON LEASK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leask v. Commissioner
Docket No. 464-88
United States Tax Court
T.C. Memo 1989-347; 1989 Tax Ct. Memo LEXIS 346; 57 T.C.M. (CCH) 1000; T.C.M. (RIA) 89347; July 20, 1989
Stafford Smiley, for the petitioner. Terry W. Vincent, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: The parties' cross motions to dismiss for lack of jurisdiction were assigned to *347 Special Trial Judge Daniel J. Dinan for hearing, consideration and ruling thereon pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure. The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1979 in the amount of $ 75,400 and an addition to tax pursuant to the provisions of section 6653(a) in the amount of $ 3,770. Respondent also determined that petitioner is liable for the increased rate of interest under section 6621(c). Respondent has moved to dismiss for lack of jurisdiction on the grounds that the petition was not timely filed. Petitioner has moved to dismiss for lack of jurisdiction on the grounds that respondent failed to properly mail or deliver the statutory notice of deficiency. In the alternative, petitioner asks us to extend the time for filing his petition *348 to 90 days after the date on which he first received a copy of the notice of deficiency. For the purpose of deciding these motions, we will take the facts as presented by the parties in their moving papers filed herein. Respondent contends that he sent an original and two duplicate originals of the statutory notice of deficiency (hereinafter the notice) for taxable year 1979 to petitioner by certified mail. The original notice was addressed to petitioner as follows: Mr. Jason Leask c/o Teichner Swerlin 888 7th Avenue 12th Floor New York, New York 10106 (hereinafter the New York address) This address is the address listed on the last Federal income tax return filed by petitioner prior to the issuance of the notice. One of the two duplicate originals of the notice was addressed to petitioner as follows: Mr. Jason Leask 1021 Main Street 1520 Houston, Texas 77002 (hereinafter the Main Street address) This address is the address listed on petitioner's 1979 Federal income tax return. This address is also the address listed on two forms 872-A filed by petitioner for taxable year 1979. The other duplicate original of the notice was addressed as follows: *349 Mr. Jason Leask 1325 F Post Oak Park Drive Houston, Texas 77027 (hereinafter the F. Post Oak Park Drive address) Respondent did not indicate from where he obtained this address. The notice was dated June 7, 1985. Respondent has provided a certified mailing list which lists the same name and addresses as the name and addresses listed on the notice previously described. The certified mailing list states that "Statutory notices of deficiency for the years indicated [7912 and 8112] have been sent to the following taxpayers." There is a postal stamp on the certified mailing list dated June 7, 1985. Respondent has also provided photocopies of two postal wrappers, postage paid, stamped certified mail with numbers that match the numbers listed on the certified mailing list. One postal wrapper is addressed to petitioner at the Main Street address, the other is addressed to petitioner at the F Post Oak Park Drive address. Both are stamped return to sender. In addition, the postal wrapper with the Main Street address is stamped "not at this address." It also has the number 77251 and Box 1521 written on it. We presume that these are the correct zip code and box number. *350 The postal wrapper with the F Post Oak Park Drive address is stamped "unclaimed." Respondent claims that no mailings containing the New York address were returned to him. Petitioner claims that he did not receive the notice. Petitioner further claims that he first became aware of the deficiency determined for 1979 when the IRS began collection proceedings in July 1986. Petitioner, after numerous requests, obtained a copy of the notice from an IRS appeals office on October 19, 1987. Petitioner filed a petition to this Court with respect to the notice on January 7, 1988, which was within 90 days after he obtained a copy of the notice from IRS appeals. Respondent also issued a statutory notice of deficiency to petitioner for taxable year 1981. Here again, he addressed an original and two duplicate originals to petitioner at the same addresses as he did for the year 1979. Petitioner received the 1981 notice at his New York address and timely filed a petition with the Court. Petitioner contends that the notice in issue was not properly mailed or, in the alternative, that he timely filed a petition after he actually received the notice. Respondent contends that the notice was *351 properly mailed and that petitioner did not file a timely petition. For the reasons that follow, we agree with respondent. It is well-settled that to maintain an action in this Court there must be a valid notice of deficiency and a timely filed petition. See Pyo v. Commissioner, 83 T.C. 626, 632 (1984). A notice of deficiency is valid if it is sent by certified mail or registered mail to the taxpayer at his last know address. Section 6212(a) and (b)(1). Section 6212(a) and (b)(1) is a safe habor provision that, if met, validates the statutory notice of deficiency regardless of whether the taxpayer actually receives it. Tadros v. Commissioner,763 F.2d 89, 91 (2d Cir. 1985); Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982); Estate of McKaig v. Commissioner,51 T.C. 331, 335 (1968). In this case, the existence of the notice is not in issue. Furthermore, there is no indication that petitioner was aware of its existence during the 90-day period immediately following the mailing of the notice on June 7, 1985. Therefore, in order for the notice to be valid, we must consider whether the safe harbor *352 provisions of section 6212(a) and (b)(1) apply. The first issue we will decide is whether the address listed either on the original or one of the duplicate originals of the notice was petitioner's last known address as of June 7, 1985. The New York address is the address contained on petitioner's most recently filed Federal income tax return. Respondent had entered this address on his records. There is no indication that petitioner notified respondent of a subsequent address. Indeed, in all of his communications with this Court, petitioner has never indicated that a different address was his last known address. In fact, he used the New York address as his address on his 1981 petition. Accordingly, the New York address listed on the notice was petitioner's last known address. See Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988). The second issue we must decide is whether respondent sent the notice to petitioner by either certified or registered mail. Certified mail does not mean "certified mail, return receipt requested." Eisenberg v. Commissioner, T.C. Memo 1983-767, affd. without published opinion 753 F.2d 1078 (7th Cir. 1985). *353 Accordingly, the focus here is on evidence of mailing and not receipt thereof. [2]
Respondent produced a photocopy of a certified mailing list which indicates that a notice was sent by certified mail to petitioner's last known address. The certified mailing list and the notice both have the same date. A certified mailing list is highly probative of proof of mailing. August v. Commissioner, 54 T.C. 1535 (1970). Furthermore, petitioner, in both his petition and in his motion to dismiss, concedes that the notice was mailed as indicated by the certified mailing list. Accordingly, respondent, having shown a properly addressed notice of deficiency, together with proof *354 of proper mailing, has established a prima facie case that the notice was properly issued under the safe harbor provisions of section 6212(a) and (b)(1). Petitioner's main contention is that since he never received the notice, it was never sent. This argument is without merit because actual receipt is not required when respondent meets the conditions of section 6212(a) and (b)(1). Petitioner has not argued that the New York address was not his last known address, nor has he argued that respondent failed to follow his established mailing procedures. Accordingly, we hold that the 1979 notice is valid. Petitioner's alternative argument is that his petition is valid because he filed it within 90 days after he received the notice. In order for a taxpayer to invoke the jurisdiction of this Court, he must file his petition within 90 days after the notice is mailed. Section 6213(a). Petitioner, citing Estate of McKaig v. Commissioner, 51 T.C. 331 (1968), asks us to allow him to file his petition within 90 days after actual receipt of the notice. Petitioner's reliance on Estate of McKaig is misplaced. In that case we found that because of an error in the taxpayer's *355 address, the delivery of the notice by the post office was delayed. For that reason, we allowed the taxpayer to file its petition within 90 days after receipt of the notice. In the instant case we have found that the notice was properly addressed. Moreover, petitioner has brought nothing to our attention which would indicate that there was an error in the postal delivery. Accordingly, since the extenuating circumstances found in Estate of McKaig are not present here, that case and its holding are inapplicable. Petitioner's petition was filed 31 months after the notice was mailed. It is untimely and therefore must be dismissed. An order will be entered granting respondent's motion and denying petitioner's motion. Footnotes
1. All subsequent section references are to the Internal Revenue Code as amended and in effect for the year in issue.↩
2. Petitioner cites McPartlin v. Commissioner, 653 F.2d 1185 (7th Cir. 1981), for the proposition that respondent must show return receipt to prove proper mailing. However, this was but one of several factors considered by the Seventh Circuit in reaching its conclusion that the notice of deficiency was not mailed to the last known address. See Eisenberg v. Commissioner, T.C. Memo. 1983-767, affd. without published opinion 753 F.2d 1078↩ (7th Cir. 1985).