T.C. Memo. 2005-272

UNITED STATES TAX COURT

JOHN L. BOBBS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6465-04.                    Filed November 28, 2005.

John L. Bobbs, pro se.

Igor S. Drabkin, for respondent.

MEMORANDUM OPINION

MARVEL, Judge:  This matter is before the Court on
respondent's motion to dismiss for lack of jurisdiction on the
ground that the petition was not filed within the time prescribed
by sections 6213(a)[1] and 7502.

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect at the time the petition was
(continued...)

## Background

Petitioner resided in Inglewood, California, when the petition in this case was filed.

Petitioner claimed a charitable contribution deduction of $14,800 on his 2001 income tax return.[2]  Following an examination, respondent issued an examination report in which he proposed to disallow $14,345 of petitioner's reported contributions.  On November 4, 2003, respondent issued a revised examination report in which he proposed to disallow only $10,545 of petitioner's reported contributions.[3]  The letter accompanying

---

[1](...continued)
filed, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Petitioner claimed deductions for the following charitable contributions:

| Donee organization | Amount of contribution |
| --- | --- |
| Administrator of Peace and Brotherhood Ministries (APB Ministries) | $10,500 |
| True Vine Baptist Church | 3,800 |
| Marantha Community Church | 455 |
| Miscellaneous | 45 |
| Total | 14,800 |

[3]Respondent originally only allowed a deduction for the $455 paid to Marantha Community Church.  Respondent received an itemized list of contributions made to True Vine Baptist Church, however, and he allowed the $3,800 deduction in the revised examination report.  Respondent disallowed the $10,500 contribution to APB Ministries because APB Ministries did not respond to a request by respondent for additional documentation regarding petitioner's alleged contribution.  Respondent also disallowed the remaining $45 miscellaneous contribution(s) not

(continued...)

the revised examination report informed petitioner that he had 15 days from November 4, 2003, the date of the letter, to request a conference with the Appeals Office.  The letter also informed petitioner that respondent would issue a notice of deficiency if petitioner did not request a conference within the 15-day period.

Petitioner did not submit a timely request for an Appeals conference.  Consequently, on January 6, 2004, respondent issued a notice of deficiency (notice) to petitioner for 2001.  The notice was addressed to 814 North Market Street, Apartment 5, Inglewood, CA 90302-5931.[4]

On February 20, 2004, petitioner mailed Form 12203, Request for Appeals Review (Request), to respondent.  On a date that does not appear in the record, respondent forwarded petitioner's Request to this Court.[5]  By letter dated April 5, 2004,

---

[3](...continued)
specifically identified in the record.

[4]Petitioner disputes receipt of the notice, but he admits that he received other correspondence from respondent at the North Market Street address.  Petitioner's Request and his amended petition both show the North Market Street address as his current address.

[5]Respondent's postage meter stamp on the envelope in which the Request was forwarded reads Apr. 2, 2004.  However, respondent contends that the Request was mailed "On or about April 8, 2004".  The U.S. Postal Service stamp is illegible.  If the Request took no more than the ordinary delivery time of 3 days for a mailing from California to Washington, D.C. (see discussion, infra pp. 5-8), the latest date on which the Request could have been mailed to arrive at the Court on Apr. 12, 2004, was Apr. 9, 2004.

respondent informed petitioner that his Request was untimely and that he would have to petition the Tax Court to dispute his tax liability. On April 12, 2004, we filed petitioner's Request, which was forwarded to the Court by respondent, as an imperfect petition. We subsequently ordered petitioner to file an amended petition with the required filing fee by June 1, 2004. On May 28, 2004, we received and filed petitioner's amended petition.

On January 24, 2005, we received and filed respondent's motion to dismiss for lack of jurisdiction, which alleged that petitioner's petition was not filed within the 90-day period prescribed in sections 6213(a) and 7502. In support of the motion, respondent attached a postmarked copy of the certified mailing list bearing petitioner's name and address, the date on which the notice of deficiency was mailed to petitioner, and the article tracking number of the notice.

On February 18, 2005, we filed petitioner's response in opposition to respondent's motion. Petitioner contends that he did not receive the notice of deficiency dated January 6, 2004. Petitioner also argues that he timely mailed his Request to the Internal Revenue Service.

## Discussion

Our jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and on a timely filed

petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989).

Notice of Deficiency

Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer at the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); DeWelles v. United States, 378 F.2d 37, 39 (9th Cir. 1967).  The taxpayer, in turn, has 90 days (or 150 days if the notice is addressed to a person outside of the United States) from the date that the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency.  Sec. 6213(a).  Under section 7502, a timely mailed petition will be treated as though it were timely filed.

Respondent bears the burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed.  Coleman v. Commissioner, 94 T.C. 82, 90 (1990); August v. Commissioner, 54 T.C. 1535, 1536-1537 (1970).  The act of mailing may be proven by documentary evidence of mailing or by

evidence of respondent's mailing practices corroborated by direct testimony. Coleman v. Commissioner, supra at 90. A U.S. Postal Service Form 3877, Acceptance of Registered, Insured, C.O.D. and Certified Mail, reflecting Postal Service receipt represents direct documentary evidence of the date and fact of mailing. Id.; Magazine v. Commissioner, 89 T.C. 321, 324, 327 (1987). Where the existence of the notice of deficiency is not in dispute, a properly completed Form 3877 by itself is sufficient, absent evidence to the contrary, to establish that the notice was properly mailed to a taxpayer. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Coleman v. Commissioner, supra at 91.

In this case, respondent produced a copy of the certified mailing list for January 6, 2004, which bore a date stamp from the Los Angeles Post Office of January 6, 2004. The list shows petitioner's name, North Market Street address, taxpayer identification number, and the article tracking number of the notice of deficiency. The certified mailing list submitted by respondent is similar to, and appears to perform the same function as, Form 3877. See Stein v. Commissioner, T.C. Memo. 1990-378. However, in this case the certified mailing list is incomplete because it does not contain any indication of the number of items received by the Los Angeles Post Office and is

not signed or initialed by a U.S. Postal Service employee.[6] Thus, the certified mailing list, in and of itself, is insufficient to provide respondent with the presumption of mailing. Massie v. Commissioner, T.C. Memo. 1995-173, affd. without published opinion 82 F.3d 423 (9th Cir. 1996); Wheat v. Commissioner, T.C. Memo. 1992-268. Respondent's failure to obtain the U.S. Postal Service clerk's initials on the certified mailing list and to have the clerk identify on the certified mailing list how many pieces of mail the U.S. Postal Service received is an "inexactitude which is significant enough to render the presumption inapplicable." Wheat v. Commissioner, supra; see also Coleman v. Commissioner, supra at 92. Respondent may still prevail, however, if the evidence of mailing is otherwise sufficient. Wheat v. Commissioner, supra.

Although an incomplete certified mailing list that does not contain all of the information required by Form 3877 is insufficient to create a presumption of proper mailing, it nevertheless has some probative value. See Massie v. Commissioner, supra. The certified mailing list in this case contains a U.S. Postal Service date stamp of January 6, 2004. The address recorded on the certified mailing list is the same address that petitioner has used on all of his correspondence

---

[6]The total number of pieces listed by sender shows seven, but the spaces for the number of pieces received by the post office and the postmaster's name are blank.

with respondent.  Petitioner has not argued that the Market Street address was not his last known address,[7] nor has he argued that respondent failed to follow his established mailing procedures.  The preponderance of the evidence supports a finding that respondent mailed the notice of deficiency to petitioner at his last known address on January 6, 2004, and we so find.

Timely Filed Petition

Petitioner also argues that his petition was filed timely because he mailed his Request to respondent "within the 90 Day Unit period for appeal",[8] and we accepted and filed the Request

---

[7]A taxpayer's last known address is either the address listed on his most recently filed Federal income tax return or another address, if taxpayer notifies Commissioner of a change of address.  Sec. 301.6212-2(a), Proced. & Admin. Regs.; see also Leask v. Commissioner, T.C. Memo. 1989-347. Petitioner's most recently filed tax return as of Jan. 6, 2004, is not in the record, and there is no evidence that petitioner communicated an alternate address to respondent.

[8]Petitioner argues, alternatively, that his Request was mailed timely to respondent and should have been administratively reviewed by respondent.  Respondent's letter of Nov. 4, 2003, stated that petitioner had 15 days to request an Appeals conference with an Appeals officer.  Petitioner contends that he did not receive the Nov. 4, 2003, letter until December.  Even if we assume that petitioner received the letter on Dec. 31, 2003, his Request mailed on Feb. 20, 2004, was sent well outside the allotted 15-day period for appeal.  Therefore, petitioner did not timely mail his Request to respondent.

as an imperfect petition[9] on April 12, 2004.[10]

A petition is timely filed if it is received by the Court within 90 days after the notice is mailed. Sec. 6213(a). If the last day of the 90-day period falls on a Saturday, Sunday, or a legal holiday in the District of Columbia, the last day of the 90-day period is the first business day thereafter. Id.; sec. 301.6213-1(a)(1), Proced. & Admin. Regs. The notice in this case was mailed on January 6, 2004. The 90-day period for timely filing a petition with the Court expired on April 5, 2004, which date was not a Saturday, Sunday, or legal holiday in the District of Columbia.

If the petition is properly addressed, with postage prepaid, and is postmarked within the applicable 90-day period in accordance with section 7502(a), the petition will be considered timely even if it is not received by the Court until after the 90-day period. Sec. 7502(a). In this case, petitioner's mailing of the Request to respondent was not properly addressed. Moreover, even if we assume that section 7502 may be applied to respondent's remailing of the Request to the Court, the criteria of section 7502 were not met by the remailing because we cannot

---

[9]This Court has been liberal in filing documents submitted by taxpayers as petitions. See Eiges v. Commissioner, 101 T.C. 61, 68 (1993); Castaldo v. Commissioner, 63 T.C. 285, 287 (1974).

[10]We received petitioner's Request 97 days after respondent mailed the notice of deficiency.

ascertain whether the mailing was postmarked within the applicable 90-day period.

If the postmark is made by the U.S. Postal Service and is illegible, the person who is required to file the document bears the burden of proving the date the postmark was made. Sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs. If the postmark is made other than by the U.S. Postal Service and the document is delivered to the Court untimely, then the postmark must bear a legible date on or before the last day of the filing period, and the document must have been received at or before the time when the same class of mail would ordinarily be received if postmarked from the same point of origin on the last day of the period prescribed for filing. Sec. 301.7502-1(c)(1)(iii)(B)(1), Proced. & Admin. Regs. If a mailing bears both a U.S. Postal Service postmark and a postmark made other than by the U.S. Postal Service, the postmark that is not a U.S. Postal Service postmark is disregarded in applying the regulations regarding timely mailing and filing. Sec. 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs.[11]

---

[11]Sec. 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs., provides as follows:

(3) U.S. and non-U.S. postmarks.--If the envelope has a postmark made by the U.S. Postal Service in addition to a postmark not so made, the postmark that was not made by the U.S. Postal Service is disregarded, and whether the envelope was mailed in accordance with

(continued...)

In this case, the envelope in which respondent mailed petitioner's Request to the Court bears both a postage meter postmark and a U.S. Postal Service postmark.  Consequently, we may assume that we are required by sec. 301.7502-1(c)(1)(iii)(B)(3), Proced. & Admin. Regs., to apply the rule of sec. 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs.[12]

Section 301.7502-1(c)(1)(iii)(A), Proced. & Admin. Regs., provides, in pertinent part, as follows:

> (iii)  Postmark.--(A) U.S. Postal Service postmark.--If the postmark on the envelope is made by the U.S. Postal Service, the postmark must bear a date on or before the last date, or the last day of the period, prescribed for filing the document or making the payment.  If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document or making the payment, the document or payment is considered not to be timely filed or paid, regardless of when the document or payment is deposited in the mail. Accordingly, the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date, or the last day of the period, prescribed for filing the document or making the payment.  * * *  <u>If the postmark on the envelope is made by the U.S. Postal</u>

---

[11](...continued)
this paragraph (c)(1)(iii)(B) will be determined solely by applying the rule of paragraph (c)(1)(iii)(A) of this section.

[12]Even if we proceeded on the alternative assumption that a private postmark, when accompanied by an illegible U.S. postmark, is not disregarded, we would reach the same result, for petitioner has offered no proof of the date on which the Internal Revenue Service actually deposited the Request in the mail, much less proof of the cause of a delay in transmission of the mail if there were a timely deposit.  See sec. 301.7502-1(c)(1)(iii) (B)(2), Proced. & Admin. Regs.

> Service but is not legible, the person who is required
> to file the document or make the payment has the burden
> of proving the date that the postmark was made.
> [Emphasis supplied.]

As the person who is required to file a timely petition, petitioner had the burden of proving the date on which the U.S. Postal Service postmark was made. Petitioner failed to do so. Petitioner simply argues that the forwarding of the Request by respondent to the Court caused the filing to be untimely and that his case should not be dismissed because of respondent's failure to act promptly.

It is unfortunate that respondent did not exercise greater care and diligence to insure that petitioner's Request was delivered timely to this Court. However, it is petitioner's responsibility to file his petition properly; respondent has no burden to forward a misaddressed petition to the Court. Axe v. Commissioner, 58 T.C. 256, 259 (1972). We cannot expand our jurisdiction beyond the 90-day prescribed period, "whatever the equities of a particular case may be and regardless of the cause for * * * [the petition] not being filed within the required period." Id.

Because petitioner has not proven the date on which the illegible U.S. Postal Service postmark was made and because his petition was not delivered or deemed delivered to the Court within 90 days of the date of the notice of deficiency, we hold that we do not have jurisdiction under sections 6213(a) and 7502.

Consequently, we shall grant respondent's motion to dismiss for lack of jurisdiction.  We note, however, that despite our holding here, petitioner will still be able to have his day in court by paying the deficiency and bringing a suit for refund in the appropriate Federal court.

> An appropriate order of dismissal for lack of jurisdiction will be entered.