T.C. Memo. 2017-37

UNITED STATES TAX COURT

KARSON C. KAEBEL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18917-14L.                    Filed February 21, 2017.

Karson C. Kaebel, pro se.

Marty Jane Dama, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, Judge:  This case is before the Court on a petition for review of a

Notice of Determination Concerning Collection Action(s) Under Section 6320

and/or 6330 (notice of determination),[1] dated July 9, 2014, sustaining a proposed

_____

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

[*2] collection by levy of petitioner's unpaid 2010 Federal income tax liability. The Court must consider whether respondent's determination to sustain the collection action was proper.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The first stipulation of facts and the attached exhibits are incorporated by this reference. Petitioner resided in Texas when he timely filed his petition.

Petitioner did not file a Federal income tax return for 2010. Pursuant to section 6020(b) the Internal Revenue Service (IRS) prepared a substitute for return for petitioner for 2010. At the time of trial petitioner also had not filed Federal income tax returns for 2005 through 2009.[2]

I.     Notice of Deficiency

Respondent issued to petitioner a notice of deficiency dated June 3, 2013, determining a deficiency in petitioner's Federal income tax of $18,108 and additions to tax of $6,634.85 for 2010. The notice of deficiency was addressed to

---

[1](...continued)
Revenue Code in effect at all relevant times.

[2]The record contains certifications of lack of record for 2005, 2006, 2007, 2008, 2009, and 2010. The record also contains account transcripts reflecting that substitutes for returns were prepared for 2005, 2006, 2007, 2008, 2009, and 2010.

[*3] a street address in Lewisville, Texas (Lewisville address), and that same address is petitioner's address of record with the Court. Petitioner has not asserted that he had or used a different address in 2013. Petitioner did not petition this Court for redetermination of the amounts determined in the notice of deficiency.

The Form 3877[3] prepared for the notice of deficiency dated June 3, 2013, states: "[S]tatutory notices of deficiency * * * have been sent to the following taxpayers", and shows petitioner's name with his Lewisville address, followed by a certified mail article number. There is a space labeled "notices listed hereon were issued by:", but the space is blank. The Form 3877 includes a rectangular stamp that reads "IRS OGDEN UT USPS-84201" with a date stamp of June 3, 2013, and a partially illegible signature. Although the Form 3877 indicates that the IRS was sending 12 pieces of certified mail, the space in which the U.S. Postal Service (USPS) employee should have marked the number of pieces it received is blank.

II.    Notice of Intent To Levy

On February 12, 2014, respondent issued to petitioner at the Lewisville address a Letter 1058, Final Notice--Notice of Intent to Levy and Notice of Your

---

[3]Although the form is titled "Substitute USPS Form 3877" and is not a certified copy, the Court will refer to the document as Form 3877.

[*4] Right to a Hearing, for 2010.[4]  Petitioner timely responded to the Letter 1058 by sending to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, dated February 28, 2014 (CDP hearing request).  In the CDP hearing request petitioner showed his address as the same Lewisville address and checked the box for proposed levy or actual levy as the basis for the hearing.  In the space for the "Reason" for his CDP hearing request, petitioner wrote "SEE ATTACHED".  Petitioner attached a one-page outline of his requests and positions.  He requested a face-to-face CDP hearing so he could address, among other issues, the following:  (1) IRS compliance with all proper procedures as required by law; (2) the "alleged liability", because he did not have a prior opportunity to challenge it; and (3) alternatives to collection if the "alleged liability is indeed a proper assessment".

III.    CDP Hearing

Petitioner's case was assigned to SO Penny from the IRS Appeals Office (Appeals).  SO Penny noted in his case activity record that petitioner was contesting the liability.  Accordingly, he requested the revenue agent's report and

---

[4]Settlement Officer Penny (SO Penny) noted in his case activity record that the revenue officer taped the Letter 1058 to petitioner's door.

[*5] the Form 3877[5] prepared for the notice of deficiency.  On May 8, 2014, SO Penny noted that he received a copy of the notice of deficiency and the revenue agent's report.  On May 15, 2014, SO Penny went to the USPS Web site and viewed the certified mail article tracking information that was on the notice of deficiency and the Form 3877.  SO Penny noted that the USPS Web site tracking reported that the notice of deficiency was delivered to petitioner's Lewisville address on June 8, 2013.[6]

Also on May 15, 2014, SO Penny issued a letter to petitioner at his Lewisville address scheduling a telephone CDP hearing for June 12, 2014.  In the letter SO Penny requested from petitioner a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; Forms 1040, U.S. Individual Income Tax Return, for 2011, 2012, and 2013; proof that estimated tax payments for the current year had been paid; and his proposal to resolve the outstanding liabilities.  SO Penny explained he could not consider alternative collection methods without that information and requested that petitioner provide

---

[5]SO Penny referred to the Form 3877 as a certified mailing list.  See supra note 3.

[6]The Court has previously noted that the USPS Web site tracking system stores certified mail records for up to two years.  See Garrett v. Commissioner, T.C. Memo. 2016-179, at *10.  SO Penny's query was within two years.

[*6] the completed Form 433-A, proof of payments, and his proposal within 14 days from the date of the letter and the Forms 1040 within 21 days from the date of the letter.  In the letter SO Penny also stated that petitioner would be unable to dispute the underlying liability because of his prior opportunity to contest it. However, SO Penny also stated that any new information in regard to the liability that petitioner submitted would be sent to the collection function to review.  SO Penny attached to the letter a copy of the notice of deficiency and verification of proper mailing to petitioner's last known address.[7]

Petitioner sent SO Penny a letter dated June 6, 2014, but did not attach any of the requested documents or financial information.  Petitioner typed his Lewisville address in the heading of his letter and reiterated the same requests from his CDP hearing request.  Petitioner also stated in the letter that he would be unavailable for the date and time of the CDP hearing and requested that SO Penny pick three possible future dates for a face-to-face CDP hearing.  SO Penny noted in his case activity record that he received petitioner's letter on June 11, 2014, one day before the scheduled CDP hearing.

---

[7]SO Penny did not note in his case activity record the date he received the Form 3877, but he was able to send petitioner a copy of it with the May 15, 2014, letter.

[*7]  On June 12, 2014, petitioner did not call SO Penny for the CDP hearing. SO Penny spent the time reviewing petitioner's case file.  SO Penny noted in his case activity record that he had "already provided * * * [petitioner] a copy of the * * * [notice of deficiency] and the certified mailing list along with verification of delivery from * * * [USPS]."  SO Penny also noted that petitioner might be able to challenge his underlying liability, but he had not provided any documentation disputing the assessment.  SO Penny performed an Internet search on petitioner and found that he was a coach for an ice hockey team in Dallas, and the name of the team matched the third-party reporting information.  After reviewing the case file, SO Penny sent petitioner at his Lewisville address a letter informing him that the requested documents and financial information had not been received and giving him another 14 days from the date of the letter to provide information if he wanted his issues considered.  Petitioner did not send SO Penny the requested documents and financial information or any new information on his underlying liability.

On July 9, 2014, Appeals sent to petitioner at his Lewisville address the notice of determination sustaining the proposed levy collection action.  SO Penny stated in the discussion and analysis attached to the notice of determination that he had verified that all legal and administrative requirements were met in the

[*8] assessment and issuance of the Letter 1058. To verify that a notice of deficiency was mailed to petitioner's last known address, SO Penny relied on the copy of the notice of deficiency in the administrative file, the Form 3877 showing petitioner's name and Lewisville address, and USPS Web site tracking showing delivery at petitioner's Lewisville address.

IV.    Proceedings Before the Court

Petitioner petitioned the Court for review of respondent's determination and used his Lewisville address as his address of record with the Court. This case was tried on December 2, 2015, at the Dallas, Texas, trial session of the Court. Petitioner was sworn in to testify and present evidence and he stated his address as the Lewisville address. When the Court asked whether he would like to testify as to his last known address and the income reported by his hockey team employer or anything regarding the notice of deficiency, which was included as Exhibit 16-J in the first stipulation of facts, petitioner replied: "I have no comment there." On cross-examination petitioner confirmed his address was the Lewisville address. When respondent's counsel asked him how long he had lived at the Lewisville address, petitioner replied: "Okay. No comment." The Court reminded petitioner that he had requested a trial by filing a petition with this Court and that he could participate in his trial. Petitioner replied: "My answer stands on what I said

[*9] earlier. Not relevant to my--I decline to answer that question." When respondent asked whether petitioner had received a copy of the notice of deficiency from SO Penny, he replied: "I never received any notice of deficiency." For the remaining questions that respondent's counsel asked, petitioner replied: "I decline to answer that question."

V.     Parties' Arguments

On brief petitioner argued only that respondent had failed to verify that the requirements of any applicable law and administrative procedure were met because respondent did not prove that a notice of deficiency was mailed to him. On brief respondent argued that SO Penny properly verified that the requirements of any applicable law and administrative procedure were met, that a notice of deficiency was properly mailed to petitioner's last known address, that petitioner's tax liability was properly assessed, and that SO Penny did not abuse his discretion in sustaining the notice of intent to levy.

OPINION

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to make the levy.

[*10] Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his right to a CDP hearing. Sec. 6330(a)(1).

If the taxpayer requests a CDP hearing, the hearing is conducted by Appeals. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed levy. Sec. 6330(c)(2)(A). Relevant issues include any collection alternatives, challenges to the appropriateness of the collection action, and spousal defenses. Id.

After the CDP hearing Appeals must determine whether proceeding with the proposed levy is appropriate. In making that determination Appeals is required to consider relevant issues raised by the taxpayer and also whether the proposed levy action appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3). In addition, the Appeals officer must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d)(1). Where the validity of the underlying tax liability is at issue, the Court reviews the determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax

**[*11]** liability is not properly at issue, the Court reviews the determination for abuse of discretion. Id. at 182. Appeals abuses its discretion if it acts "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

I.   Challenge to the Underlying Liability

When, as here, the IRS prepares a substitute for return pursuant to section 6020(b), the taxpayer may raise his underlying liability in an administrative hearing if he did not receive a notice of deficiency or otherwise have a prior opportunity to contest the liability. See secs. 6320(c), 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). But this Court considers a taxpayer's challenge to his underlying liability in a collection action case only if he properly raised that challenge at his administrative hearing. See Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. An issue is not properly raised at the administrative hearing if the taxpayer fails to request consideration of that issue by Appeals or if he requests consideration but fails to present any evidence after being given a reasonable opportunity to do so. Giamelli v. Commissioner, 129 T.C. at 115.

**[*12]**  In the CDP hearing request petitioner asserted that he did not have a prior opportunity to contest the underlying liability.  SO Penny determined that petitioner had had a prior opportunity to contest his underlying liability because he was sent and received a notice of deficiency and therefore could not contest the underlying liability at the CDP hearing.  However, SO Penny offered to send to the collections function for consideration any new information that petitioner would provide.  Petitioner declined the opportunity and did not provide the twice-requested documents or financial information.

Additionally, when the Court provided petitioner an opportunity to discuss the notice of deficiency and his last known address, he declined it.  Petitioner only provided self-serving testimony that he did not receive the notice of deficiency.  He then refused to answer any other questions or submit any evidence at trial.  In the absence of corroborating evidence, the Court is not required to accept petitioner's self-serving testimony.  See Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

Petitioner may not challenge the underlying liability because he failed to make any specific contentions or to proffer any evidence before SO Penny.  Additionally, petitioner failed to present the Court with any documents to address his underlying liability or to show why the notice of deficiency was incorrect.

[*13] II.    Abuse of Discretion

Petitioner asserts that SO Penny abused his discretion because petitioner never received a notice of deficiency and respondent improperly assessed an income tax liability.  Respondent disagrees.

Generally, the Commissioner may not assess a deficiency in tax unless he first sends a notice of deficiency to the taxpayer's last known address.  Secs. 6212, 6213(a).  The Commissioner bears the burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed.  Coleman v. Commissioner, 94 T.C. 82, 90 (1990); August v. Commissioner, 54 T.C. 1535, 1536-1537 (1970).  The act of mailing may be proven by documentary evidence of mailing or by evidence of the Commissioner's mailing practices corroborated by direct testimony.  Coleman v. Commissioner, 94 T.C. at 90.

Exact compliance with Form 3877 mailing procedures raises a presumption of official regularity in favor of the Commissioner.  Hoyle v. Commissioner, 131 T.C. 197, 203 (2008); Coleman v. Commissioner, 94 T.C. at 91.  Where, as here, a taxpayer identifies an irregularity in the assessment procedure, an Appeals officer cannot rely solely on the tax transcripts to verify that a notice of deficiency was sent.  See Hoyle v. Commissioner, 131 T.C. at 205 n.7 ("[W]here a taxpayer alleges no notice of deficiency was mailed he has * * * '[identified] an

**[*14]** irregularity [.]'" (alteration in original) (quoting Chief Counsel Notice CC-2006-19) (Aug. 18, 2006)).  Instead, the Appeals officer is directed to examine "underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list".  See id.; Marlow v. Commissioner, T.C. Memo. 2010-113, 2010 WL 2011617, at *8 n.4.

Petitioner argues that the Form 3877 has too many irregularities to be reliable evidence of mailing because it:  (1) does not indicate the number of items received by the USPS office, (2) is not properly stamped, and (3) is not properly signed or initialed by the IRS employee who issued the notices and a USPS employee.  The Court has found in other cases that such infirmities may not be fatal if the evidence adduced is otherwise sufficient to prove mailing.  Clough v. Commissioner, 119 T.C. 183, 188 (2002); Coleman v. Commissioner, 94 T.C. at 91-92; Meyer v. Commissioner, T.C. Memo. 2013-268, at *9.  The Commissioner may still prevail, however, if evidence of mailing is otherwise sufficient.  See Coleman v. Commissioner, 94 T.C. at 91.

While not sufficient to create a presumption of official regularity, the incomplete Form 3877 serves as evidence that the notice of deficiency was mailed to petitioner.  See Portwine v. Commissioner, T.C. Memo. 2015-29, at *4, aff'd, __ F. App'x __, 2016 WL 4474832 (10th Cir. Aug. 24, 2016); see also Magazine

[*15] v. Commissioner, 89 T.C. 321, 327 n.8 (1987); Massie v. Commissioner, T.C. Memo. 1995-173, 1995 WL 225549, at *2, aff'd without published opinion, 82 F.3d 423 (9th Cir. 1996). The Form 3877 bears a date stamp with the same date as the notice of deficiency and shows petitioner's name, his Lewisville address, and the certified mail article number of the corresponding notice of deficiency. Petitioner has not argued that the Lewisville address on the certified mailing list was not his last known address. The address on the Form 3877 is the same address that petitioner reported on his CDP hearing request and on other correspondence to SO Penny and is his address of record with this Court. Additionally, petitioner has not asserted that he had a different address when respondent mailed the notice of deficiency, nor has he filed Federal income tax returns for 2005 through 2013 to provide respondent with any other address.

Furthermore, SO Penny did not rely solely on the Form 3877 to verify that the notice of deficiency had been mailed to petitioner. SO Penny also reviewed a copy of the notice of deficiency for 2010, and the notice of deficiency bore the same mailing date, mailing address, and certified mail article number as the corresponding entry on the Form 3877. In addition, SO Penny reviewed the tracking information for the mail corresponding to the certified mail article

[*16] numbers on the notice of deficiency and verified through USPS Web site tracking that the article of mail was reported delivered.

Although respondent is not entitled to a presumption of proper mailing here, the Court concludes that the dated copy of the notice of deficiency, combined with the dated Form 3877, are sufficient to show that the notice of deficiency for 2010 was mailed to petitioner at his last known address. Consequently, the Court holds that it was not an abuse of discretion for SO Penny to rely on this information to verify that valid assessments had been made and that SO Penny properly verified, pursuant to section 6330(c)(1), that "the requirements of any applicable law or administrative procedure have been met."

III.   Conclusion

The Court finds that SO Penny properly based his determination on the required factors. SO Penny (1) verified that all legal and procedural requirements had been met, (2) considered the issues petitioner raised, and (3) determined that the proposed collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that the collection action be no more intrusive than necessary.

**[\*17]**  The Court has considered all of the arguments made by the parties, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.