# United States Tax Court

T.C. Memo. 2024-7

SAUL BRADLEY,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 24108-22L.                     Filed January 22, 2024.

————

Saul Bradley, pro se.

*Brian S. Jones*, *David A. Indek*, *Amanda K. Krugler*, and *Holly L. Dennehy*, for respondent.

## MEMORANDUM OPINION

GREAVES, *Judge*: In this collection due process (CDP) case, petitioner seeks review pursuant to section 6330(d) of the determination by the Internal Revenue Service (IRS or respondent) to uphold a notice of intent to levy for tax years 2013 and 2014 (years at issue).[1] Respondent moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the collection action was proper as a matter of law. For the reasons set forth below, we will grant respondent's motion.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2]                                    *Background*

   The following facts are based on the parties' pleadings and motion papers, the attached declarations and exhibits, and the administrative record.  Petitioner resided in Pennsylvania when the petition was filed.

   Petitioner jointly filed income tax returns for the years at issue with his now ex-wife.  Respondent selected these returns for audit and determined $7,924 and $2,922 in deficiencies, respectively.[2]  Respondent also determined accuracy-related penalties of $1,585 under section 6662(a) for tax year 2013.  Respondent issued a notice of deficiency to petitioner and his ex-wife on November 13, 2015.  Petitioner did not file a petition protesting the notice of deficiency within 90 days, and respondent assessed the deficiencies along with the penalty.

   To collect these liabilities, respondent issued Notice CP90, Final Notice–Notice of Intent to Levy and Notice of Your Right to a Collection Due Process Hearing, on August 16, 2021.  Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing.  Petitioner failed to check any boxes indicating the relief he sought.  Petitioner attached a document to his Form 12153 asserting the following challenges: (1) the IRS did not properly send the notice of deficiency, (2) he was not responsible for the tax or penalties, and (3) he would face hardship if he paid the deficiencies.

   The settlement officer reviewed petitioner's file and initially determined that he could not verify that the notice of deficiency was issued to petitioner because it was not listed on petitioner's account transcripts.  The settlement officer requested a copy of the notice of deficiency and United States Postal Service (USPS) Form 3877, Firm Mailing Book for Accountable Mail (Form 3877 or certified mailing list), to verify that the notice of deficiency was sent.  On February 15, 2022, the settlement officer issued Letter 4837, Appeals Received Your Request for a Collection Due Process Hearing, confirming receipt of the CDP hearing request and scheduling a telephone hearing for March 17, 2022.

   On March 10, 2022, the settlement officer received a voicemail from petitioner, requesting that the CDP hearing be rescheduled because of deaths in his family.  The settlement officer rescheduled the CDP hearing for April 5, 2022.  Before the rescheduled hearing, the

---

[2] All dollar amounts are rounded to the nearest dollar.

**[*3]** settlement officer received a copy of the notice of deficiency and Form 3877, which he used to verify that the notice of deficiency was properly sent. The settlement officer also determined that petitioner was not current on his filing obligations because he had not filed returns for tax years 2016 through 2020.

On April 5, 2022, petitioner called the settlement officer for the CDP hearing. At the CDP hearing, the settlement officer explained possible collection alternatives, and petitioner indicated he would be interested in currently not collectible (CNC) status. The settlement officer requested that petitioner submit financial information and his unfiled returns for tax years 2016 through 2020 by April 26, 2022.

On May 23, 2022, petitioner faxed a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, to the settlement officer. On Form 433–A petitioner listed his current monthly income as $2,800. Petitioner listed the following monthly expenses: $400 in food, clothing, and miscellaneous expenses and $2,300 in housing and utility expenses. As a result, petitioner listed the net difference between his income and expenses as $100.

The settlement officer evaluated petitioner's Form 433–A and concluded that petitioner could afford payments of $518 per month.[3] In performing that calculation, the settlement officer applied the IRS local and national standards to determine petitioner's allowable expenses: increasing the food, clothing, and miscellaneous expenses to $785 and reducing the housing and utilities expenses to $1,497. Thus, the settlement officer determined that petitioner was not eligible for CNC status. The settlement officer also determined that petitioner was not eligible for penalty abatement because he was not current on his tax obligations.

The settlement officer issued a letter to petitioner stating these conclusions. In this letter, the settlement officer granted petitioner an extension of time until August 12, 2022, to provide additional information as to why the settlement officer should deviate from the national and local standards and to show compliance with current return filing obligations. Petitioner did not respond to this request, and

---

[3] The settlement officer requested review of petitioner's Form 433–A by the Collection Division of the IRS. The Collection Division did not respond to the request, and, consistent with *Internal Revenue Manual* (IRM) 8.22.7.4.1(2) (Aug. 26, 2020), the settlement officer proceeded to evaluate petitioner's CNC status request.

[*4] on September 27, 2022, the settlement officer issued the notice of determination, sustaining the proposed levy.

Petitioner timely filed a petition with this Court for review. Petitioner assigned error to the following issues: (1) he did not receive the notice of deficiency underlying the levy notice, (2) the settlement officer did not verify that evidence existed to show he owed the underlying tax liabilities, (3) the settlement officer failed to verify compliance with all applicable administrative rules and regulations, and (4) the settlement officer abused his discretion by rejecting his request for CNC status.

On July 11, 2023, respondent filed a Motion for Summary Judgment. On July 31, 2023, we ordered petitioner to file a response, if any, by August 28, 2023. No objection was received by the Court within that period. On September 6, 2023, we struck the case from the Court's September 11, 2023, Philadelphia, Pennsylvania, trial session. At this trial session, petitioner nevertheless appeared and was heard regarding his response to the Motion for Summary Judgment, which he alleged that he mailed to the Court. On September 13, 2023, we ordered petitioner to file a response to the Motion for Summary Judgment by September 15, 2023. Petitioner mailed a letter to the Court setting forth various frivolous arguments related to his underlying liabilities.[4] On November 9, 2023, the Court received petitioner's original objection, dated August 18, 2023, which asserted the same arguments.[5]

*Discussion*

I.      *Summary Judgment*

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials. *See FPL Grp.,*

---

[4] Petitioner asserted the following three arguments: (1) as a U.S. citizen he had no obligation to file a federal tax return, (2) income does not include compensation for services, and (3) federal reserve notes are debt instruments that are not taxable. We have consistently rejected these and similar arguments as frivolous. *See, e.g.*, *Harvey v. Commissioner*, T.C. Memo. 2023-95, at *7; *Hodges v. Commissioner*, T.C. Memo. 2005-168, slip op. at 5–6; *Lowman v. Commissioner*, T.C. Memo. 1997-574, slip op. at 3. In any event, these arguments constitute challenges to petitioner's underlying liabilities, and as we discuss below, petitioner may not challenge his underlying liabilities. *See* § 6330(c)(2)(B); *Sego v. Commissioner*, 114 T.C. 604, 610 (2000).

[5] This delay in receipt appears to stem from petitioner mailing his objection to the address of the courthouse which hosted the Court's September 11, 2023, Philadelphia, Pennsylvania, trial session.

**[\*5]** *Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant summary judgment where there is no genuine dispute of material fact and a decision may be rendered as a matter of law. *See* Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002). Furthermore, we construe the facts and draw all inferences in the light most favorable to the nonmoving party to decide whether summary judgment is appropriate. *See Bond v. Commissioner*, 100 T.C. 32, 36 (1993). The nonmoving party may not rest upon the mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine dispute for trial. *See* Rule 121(d); *Bond*, 100 T.C. at 36. We conclude that no material facts are in dispute and that the case may be adjudicated summarily.

II.    *Standard of Review*

Section 6330(b) permits a taxpayer to challenge an IRS proposed levy before the Independent Office of Appeals (Appeals Office), and section 6330(d) provides for Tax Court review of an Appeals Office determination. The Code does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case; rather, we are guided by our precedents. Where the validity of a taxpayer's underlying liability is properly at issue, we review the IRS determination de novo. *See Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where a taxpayer's underlying liability is not properly at issue, we review the IRS determination for abuse of discretion only. *See id.* at 182.

III.   *Underlying Liability Challenge*

A taxpayer may dispute his underlying liability in a CDP hearing, but only if he did not receive a valid notice of deficiency or otherwise have a prior opportunity to contest his liability. *See* § 6330(c)(2)(B); *Sego*, 114 T.C. at 610. For purposes of determining whether a taxpayer may challenge the underlying liabilities, actual receipt of the notice of deficiency must be determined. *See Sego*, 114 T.C. at 610. A notice of deficiency is presumed to have been received by a taxpayer if it was properly mailed to his last known address. *See* § 6212(b)(1); *Sego*, 114 T.C. at 611; *Campbell v. Commissioner*, T.C. Memo. 2013-57, at *9 ("The Commissioner generally has prevailed in foreclosing challenges to the underlying liability under section 6330(c)(2)(B) where he establishes that a notice of deficiency was mailed to the taxpayer's last known address and no factors are present that rebut the presumption . . . of delivery.").

**[\*6]** Respondent bears the burden of proving, by competent and persuasive evidence, the existence of the notice of deficiency and proper mailing of the notice of deficiency. *See Coleman v. Commissioner*, 94 T.C. 82, 90 (1990). Generally, if the IRS establishes that the notice existed and produces a properly completed Form 3877 showing that the notice was sent to the taxpayer's last known address, the IRS is entitled to a presumption of proper mailing. *See id.* at 91. A properly completed Form 3877 is one completed in compliance with the established IRS procedure for mailing. *See Keado v. United States*, 853 F.2d 1209, 1213 (5th Cir. 1998); *Lander v. Commissioner*, 154 T.C. 104, 118 (2020). Even without the presumption of proper mailing, the IRS can still prevail so long as it provides "otherwise sufficient" evidence of mailing. *See Coleman*, 94 T.C. at 91; *Portwine v. Commissioner*, T.C. Memo. 2015-29, at \*11, *aff'd*, 668 F. App'x 838 (10th Cir. 2016).

The settlement officer declined to consider petitioner's underlying liability challenges, reasoning that petitioner received the notice of deficiency. The settlement officer made this determination on the basis of the copy of the notice of deficiency and Form 3877. There is no dispute that the notice of deficiency exists because the administrative record contains a signed and dated copy of the notice. The Form 3877 provided to this Court bears the stamp of the USPS facility in Philadelphia, Pennsylvania, confirms that the number of items received by USPS equaled the number of items listed on Form 3877, and lists the same date and mailing address as the copy of the notice of deficiency provided to the settlement officer. However, two possible defects are apparent on Form 3877.

First, as redacted by respondent, we cannot discern whether Form 3877 was signed by the USPS employee who accepted delivery of the notice. A Form 3877 is not properly completed when a USPS employee does not sign the form. *See Bobbs v. Commissioner*, T.C. Memo. 2005-272, slip op. at 6–7; IRM 4.8.9.11.3 (Aug. 11, 2016). Thus, because the Form 3877 does not contain a visible signature of a USPS employee, it is not properly completed. We have previously held that this omission, together with other omissions, renders the presumption of proper mailing inapplicable. *See Bobbs*, T.C. Memo. 2005-272, slip op. at 6–7.

The other error on Form 3877 relates to the name stamp appearing on the form. This stamp appears to be the name of the IRS employee who issued the notice of deficiency. Form 3877 must be signed or initialed by the IRS agent who issued the notice. *See Kaebel v.*

[*7] *Commissioner*, T.C. Memo. 2017-37, at *14; IRM 4.8.9.11.3. We previously held that a stamp signature from a receiving USPS employee was a defect on Form 3877, sufficient when combined with other omissions to prevent application of the presumption of proper mailing. *Knudsen v. Commissioner*, T.C. Memo. 2015-69, at *6–7, *14–16. Because both the IRS agent and the USPS employee are required by IRS procedure to *sign* Form 3877, we see no reason why we should treat the stamped signature of the IRS agent in this case differently from the stamped signature of the USPS employee in *Knudsen*. Therefore, the stamped signature of the IRS agent is a defect on Form 3877. These two errors render the presumption of proper mailing inapplicable. *See Bobbs*, T.C. Memo. 2005-272, slip op. at 6–7.

While this evidence is not sufficient to create a presumption of proper mailing, respondent may still satisfy his burden to show proper mailing of the notice of deficiency if the evidence of mailing is otherwise sufficient. *See Portwine*, T.C. Memo. 2015-29, at *11. An incomplete certified mailing list may serve as evidence that the notice of deficiency was properly mailed to a taxpayer. *Id.* Here, the possible defects in Form 3877 are minor. Form 3877 bears the USPS stamp, specifies the number of articles received, and lists petitioner's name and address. Respondent also introduced a copy of the notice of deficiency, which bears the same mailing date and mailing address as the corresponding Form 3877.[6] Petitioner does not contest that the address listed on Form 3877 and the copy of the notice of deficiency was not his last known address. The preponderance of the evidence supports a finding that respondent mailed the notice of deficiency to petitioner at his last known address on November 13, 2015. *See Bobbs*, T.C. Memo. 2005-272, slip op. at 7–8 (holding by a preponderance of the evidence that the Commissioner properly mailed a notice of deficiency to the taxpayer when he introduced a certified mailing list bearing the USPS stamp, the address on the certified mailing list matched the address on the notice of deficiency and the address the taxpayer used in communications with the IRS, and the taxpayer did not argue that the address on the notice was not his last known address).

Where respondent presents sufficient evidence of proper mailing, a rebuttable presumption arises that the notice of deficiency was

---

[6] The notice of deficiency does not bear the article number; however, we have never held that the lack of an article number on the notice of deficiency negates the presumption of official regularity. *See Henderson v. Commissioner*, T.C. Memo. 2018-150, at *10.

[*8] delivered. *See Kasper v. Commissioner*, 137 T.C. 37, 44 (2011). Petitioner did not offer any evidence that delivery was not made. *See Campbell*, T.C. Memo. 2013-57, at *9 (holding that a taxpayer's self-serving testimony that he did not receive a notice of deficiency was insufficient to rebut the presumption of delivery). Therefore, petitioner is presumed to have received the notice of deficiency.

For these reasons, we find that the settlement officer correctly determined that petitioner was not entitled to challenge the underlying tax liabilities for the years at issue. Because petitioner's underlying liabilities are not properly at issue in this Court, we will review the settlement officer's actions for abuse of discretion only.

IV.   *Abuse of Discretion*

In deciding whether the settlement officer abused his discretion in sustaining the proposed levy, we consider whether he (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary." § 6330(c). Petitioner specifically alleges error in the settlement officer's verification of compliance with applicable law or administrative procedure and the determination that he was not eligible for CNC status.[7]

   A.   *Verification*

Section 6330(c)(1) requires a settlement officer to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Verification of compliance with applicable law and administrative procedure is reviewable by this Court without regard to whether the taxpayer raised it at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 202–03 (2008), *supplemented by* 136 T.C. 463 (2011). The settlement officer's

_____

[7] Petitioner does not assign error to the settlement officer's determination that the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of petitioner. Thus, he waives this argument. *See* Rule 331(b)(4); *see also Seminole Nursing Home, Inc. v. Commissioner*, T.C. Memo. 2017-102, at *7 n.4, *aff'd*, 12 F.4th 1150 (10th Cir. 2021). Even if petitioner assigned error, the settlement officer expressly concluded that the collection action balanced the need for efficient tax collection with petitioner's legitimate concerns about intrusiveness.

**[\*9]** verification has been accepted as adequate if there is supporting documentation in the administrative record. *See Blackburn v. Commissioner*, 150 T.C. 218, 222 (2018). Where a taxpayer alleges that a notice of deficiency was not properly mailed, the settlement officer must consult the underlying documents rather than rely solely on IRS transcripts. *See Hoyle*, 131 T.C. at 205 n.7. Petitioner alleges two failures on the part of the settlement officer: the settlement officer did not verify (1) that the notice of deficiency was properly mailed and (2) that evidence existed to show he owed the underlying tax liabilities. We reject both arguments.

We reject petitioner's first argument that the settlement officer failed to verify that the notice of deficiency was properly mailed to his last known address. Where, as in this case, a taxpayer raises the issue of whether a notice of deficiency was properly mailed, the settlement officer must examine underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list. *See id.* This is exactly what the settlement officer did. As discussed above, these documents are sufficient for the Court to conclude that the IRS properly mailed the notice of deficiency to petitioner's last known address. Consequently, we hold that the settlement officer properly verified that the notice of deficiency was mailed to petitioner.

Next, petitioner argues that the settlement officer failed to verify that evidence existed to show that he owed the underlying tax liabilities. The settlement officer was not required to review the underlying tax liabilities. In fact, the settlement officer was precluded from considering the underlying liabilities because petitioner received a notice of deficiency. *See* § 6330(c)(2)(B); *Sego*, 114 T.C. at 609. Instead, the settlement officer was merely required to verify that the liabilities were not paid. *See Ron Lykins, Inc. v. Commissioner*, 133 T.C. 87, 97 (2009). In his case-activity report, the settlement officer consulted petitioner's account transcripts, which stated amounts due for 2013 and 2014. Therefore, the settlement officer satisfied his verification requirement with respect to the amounts outstanding. Accordingly, the settlement officer did not abuse his discretion in verifying that all applicable laws and regulations were followed.

B. *Petitioner's Request for CNC Status*

A settlement officer is required to consider any relevant issue a taxpayer raises during the CDP hearing, including collection

[*10] alternatives offered by the taxpayer. § 6330(c)(2)(A)(iii). At his CDP hearing, petitioner indicated to the settlement officer that he was interested in CNC status.[8]

CNC status is a collection alternative that the taxpayer may propose, and that if proposed, the settlement officer must consider. *See* § 6330(c)(2)(A)(iii); *Norberg v. Commissioner*, T.C. Memo. 2022-30, at *5. The IRM states that a taxpayer's account may be declared "currently not collectible" in cases of "hardship." IRM 1.2.1.6.14(4) (Nov. 19, 1980), 5.16.1.2.9(1) (Apr. 13, 2021). Hardship exists if, based on his assets, equity, income, and expenses, the taxpayer "has no apparent ability to make payments on the outstanding tax liability." *See Fangonilo v. Commissioner*, T.C. Memo. 2008-75, slip op. at 9. A taxpayer's ability to pay is determined by calculating the excess of income over necessary living expenses. *See Norberg*, T.C. Memo. 2022-30, at *5; IRM 5.16.1.2.9. A settlement officer does not abuse his discretion by adhering to such standards, even if doing so would force a taxpayer to change his lifestyle. *See Speltz v. Commissioner*, 124 T.C. 165, 179 (2005), *aff'd*, 454 F.3d 782 (8th Cir. 2006); *Friedman v. Commissioner*, T.C. Memo. 2013-44, at *9–10 (noting that the burden is on the taxpayer to justify departure from local standards).

In determining petitioner's ability to pay, the settlement officer relied on petitioner's Form 433–A. The settlement officer adjusted petitioner's expenses to conform with local and national standards. After this adjustment, the revised Form 433–A showed a net difference between his income and expenses of $518 per month. It was not an abuse of discretion to modify petitioner's claimed expenses to local and national standards. *See Norberg*, T.C. Memo. 2022-30, at *5; *Friedman*, T.C. Memo. 2013-44, at *9–10. The settlement officer requested additional financial information that would permit him to deviate from the national and local standards, but petitioner failed to do so. It was not an abuse of discretion for the settlement officer to issue the determination after petitioner failed to comply with the deadline to

---

[8] At his CDP hearing, petitioner requested consideration of first-time penalty abatement. Petitioner did not allege error with the settlement officer's rejection of the penalty abatement in his petition, and therefore, this issue is deemed conceded. *See* Rule 331(b)(4); *see also Seminole Nursing Home, Inc.*, T.C. Memo. 2017-102, at *7 n.4. Even if petitioner assigned error to this rejection, the settlement office rejected petitioner's request for first-time penalty abatement because petitioner was not current on his filing obligations. This rejection is not an abuse of discretion. *See Dodson v. Commissioner*, T.C. Memo. 2020-106, at *9; IRM 20.1.1.3.3.2.1 (Oct. 19, 2020).

**[\*11]** submit this information. *See Pough v. Commissioner*, 135 T.C. 344, 351 (2010). Even without the settlement officer's adjustments, Form 433–A as submitted by petitioner showed a net difference in his income and expenses of $100. Because petitioner had the ability to make payments on his outstanding tax liabilities, the settlement officer did not abuse his discretion in denying petitioner's request to place his account in CNC status. *See Fangonilo*, T.C. Memo. 2008-75, slip op. at 9.

We conclude that the settlement officer did not abuse his discretion in sustaining the proposed levy. Accordingly, we will grant respondent's Motion for Summary Judgment under Rule 121.

To reflect the foregoing,

*An appropriate order and decision will be entered.*